```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION
```

BENJAMIN EVANS,                :
                               :
     Plaintiff,                :
                               :          CIVIL ACTION
v.                             :
                               :          NO. 1:12-CV-1849-CC-ECS
BAC HOME LOANS SERVICING, LP   :
*as servicer for Bank of*      :
*America, N.A.*,               :
                               :
     Defendant.                :

**FINAL REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

The above-styled action is before the Court on Defendant's motion to dismiss. [Doc. 3]. For the reasons discussed herein, **IT IS RECOMMENDED** that Defendant's motion to dismiss, [Doc. 3], be **GRANTED**.

**I.**
**Background**

On October 29, 2010, Plaintiff Benjamin Evans, proceeding pro se, filed the present action against Defendant BAC Home Loans Servicing, LP in the Superior Court of Newton County. [Doc. 1-1 at 1]. Three days later, Plaintiff filed a notice of lis pendens in the same court.[1] [Id. at 4]. On May 29, 2012, Defendant, having yet to

---

[1] As Defendant points out, [Doc. 3-1 at 3], three days after filing the lis pendens notice, Plaintiff filed an application to proceed in forma pauperis ("IFP") with a complaint in federal court. The District Court granted Plaintiff's IFP application but dismissed

be served with process, filed a petition to remove Plaintiff's action to this Court. [Doc. 1 ¶ 2].

The complaint contains few factual allegations, but it appears to the Court that Plaintiff's claims arise out of the pending foreclosure of real property located at 215 Lakeview Trail, Covington, Georgia 30016. [Doc. 1-1 at 1]. On the sole basis of "foreclosure proceedings conducted below true market value," Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.; the Uniform Commercial Code ("U.C.C.") § 3-306; and O.C.G.A. §§ 44-14-161, -161.1, -161.2, and -162.2.[2] [Id. at 2-3]. Plaintiff seeks compensatory damages in the amount of $112,492.23, and for the Court to issue a "rule nisi to foreclosure." [Id. at 3].

On June 5, 2012, Defendant filed the present motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's complaint fails to state claims for relief under the FDCPA, the U.C.C., or under state law. [Doc. 3-1 at 7, 9, 10]. Defendant also requests the Court to cancel Plaintiff's notice of

---

his complaint as frivolous and for failure to state a claim for which relief can be granted. Evans v. BAC Home Loans Servicing, LP, 1:10-CV-3603-CC, slip op. at 1 (N.D. Ga. Jan. 4, 2011).

[2]   The Official Code of Georgia does not contain a section enumerated as 44-14-161.1 or -161.2. It thus appears to the Court that Plaintiff intended to identify O.C.G.A. §§ 44-14-161, -162, -162.1 and -162.2 (Georgia's nonjudicial foreclosure statutes).

2

lis pendens and to charge Plaintiff with the costs of bringing the present action. [Doc. 3 at 2]. Plaintiff did not file a response in opposition, and Defendant's motion to dismiss is thus deemed unopposed. LR 7.1B, NDGa. The Court considers Defendant's motion to dismiss, [Doc. 3], below.

## II.
## Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). When considering such a motion, a court must accept the allegations in the plaintiff's complaint as true and construe them in the light most favorable to the plaintiff. M.T.V. v. DeKalb Cnty. Sch. Dist., 446 F.3d 1153, 1156 (11th Cir. 2006) (citation omitted); In re Johannessen, 76 F.3d 347, 349-50 (11th Cir. 1996). Although the complaint need not provide detailed factual allegations, the basis for relief in the complaint must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. 1955, 1965. Allegations of fact "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." Id.

### III.
### Analysis

**A.   Plaintiff's Complaint**

Defendant moves to dismiss Plaintiff's complaint on the grounds that it fails to satisfy the pleading standards mandated by Federal Rule of Civil Procedure 8. Specifically, Defendant argues that Plaintiff fails to allege facts sufficient for the Court to infer that Defendant violated the FDCPA, the U.C.C., or Georgia's foreclosure statutes. After reviewing Plaintiff's complaint, the Court agrees that the complaint fails to satisfy federal pleading standards.

Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has clarified that Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Furthermore, "[w]hile a trial judge is to employ less stringent standards in assessing pro se pleadings, . . . this leniency does

AO 72A
(Rev.8/82)

not permit the district court to act as counsel for a party or to rewrite deficient pleadings." <u>Lampkin-Asam v. Volusia Cnty. Sch. Bd.</u>, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted) (internal quotation marks omitted); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113, 113 S. Ct. 1980, 1984 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

    Here, Plaintiff's allegations consist of seven (7) paragraphs, each one (1) sentence in length. [Doc. 1-1 at 2-3]. Plaintiff alleges that Defendant "shall not be a bona fide purchaser at Foreclosure with notice of any adverse claim pursuant to 12 U.S.C. 3752(1)." [<u>Id.</u> at 2]. Plaintiff further alleges that Defendant "did unlawfully violate" the FDCPA; U.C.C. § 3-306; and O.C.G.A. §§ 44-14-161, -162, -162.1 and -162.2. [<u>Id.</u> at 2-3]. The sole allegation on which each of these violations is based is Defendant's "foreclosure proceedings conducted below true market value of the property." [<u>Id.</u>].

    As Defendant argues, [Doc. 3-1 at 6], Plaintiff's complaint offers nothing more than "naked assertions devoid of further factual enhancement." <u>Iqbal</u>, 556 U.S. at 678, 129 S. Ct. at 1949 (brackets and internal quotation marks omitted). Plaintiff provides no facts to describe how Defendant violated the statutes identified. As for

5

(Rev.8/82)

the allegation that "foreclosure proceedings [were] conducted below true market value," [Doc. 1-1 at 2-3], Plaintiff has not alleged the true market value of the property, whether a foreclosure sale took place,[3] or, if so, the price at which the property sold. Even if Plaintiff had alleged that the property was sold at an inadequate price, he nevertheless has failed to allege that the sale was "accompanied by either fraud, mistake, misapprehension, surprise or other circumstances," which Georgia law requires to set aside a foreclosure sale. Giordano v. Stubbs, 184 S.E.2d 165, 168 (Ga. 1971); see also Bayview Loan Servicing, LLC v. Baxter, 720 S.E.2d 292, 296 n.29 (Ga. Ct. App. 2011). In short, Plaintiff's complaint represents precisely the "unadorned, the-defendant-unlawfully-harmed-me accusation" that Rule 8 does not allow. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Accordingly, because the complaint does not meet the pleading standards under Rule 8 of the Federal Rules of Civil Procedure and is so written that Defendant could not be expected to frame a responsive pleading thereto, the Court **RECOMMENDS** that Defendant's motion to dismiss, [Doc. 3], be **GRANTED**.

---

[3] Defendant asserts that no foreclosure sale of Plaintiff's property has occurred. [Doc. 3-1 at 2, 13].

**B.    Notice of Lis Pendens**

Next, Defendant requests the Court to cancel the notice of lis pendens that Plaintiff filed in the Superior Court of Newton County. [Doc. 3-1 at 15]. In light of the undersigned's recommendation that Defendant's motion to dismiss be granted, the undersigned **RECOMMENDS** that Defendant's request for cancellation of the lis pendens notice based on the instant lawsuit be **GRANTED**. See Taylor v. Wachovia Mortg. Corp., No. 1:07-CV-2671-TWT, 2009 WL 2495353, at *10 (N.D. Ga. Jan. 30, 2009) (granting defendant's motion for summary judgment and directing superior court clerk to cancel lis pendens notice); Zohoury v. Zohouri, 463 S.E.2d 141, 144 (Ga. Ct. App. 1995) ("The trial court clearly had the authority to cancel the lis pendens notice once the underlying action was dismissed with prejudice."). Accordingly, should this Final Report and Recommendation be adopted, the undersigned further **RECOMMENDS** that the Clerk of Newton County Superior Court be **DIRECTED** to cancel the lis pendens notice on the real property located at 215 Lakeview Trail, Covington, Georgia 30016.

**C.    Costs**

Finally, Defendant requests the Court to tax "the costs of this civil action" against Plaintiff. [Doc. 3-1 at 16]. An award of costs is within the discretion of the Court. See Fed. R. Civ. P. 54(d)(1);

7

Chapman v. AI Transport, 229 F.3d 1012, 1038-39 (11th Cir. 2000)(en banc). Upon consideration of the limited facts before the Court, the undersigned does not find the taxation of costs to be appropriate. Defendant removed this action to federal court nineteen (19) months after it had been filed in the Superior Court of Newton County. As Defendant states in its notice of removal, it was never served with process in the state court action. [Doc. 1 ¶ 2]. Yet Defendant has not explained why it removed this action to federal court instead of moving to dismiss in the Superior Court for failure to effect service. See Neely v. Jones, 610 S.E.2d 133, 134 (Gt. Ct. App. 2005) (requiring plaintiff to show that he acted in "a reasonable and diligent manner in attempting to insure that proper service was effected as quickly as possible" if service not effected within five days of filing). Thus, it appears to the Court that removal to federal court may not have been necessary and that Plaintiff should therefore not bear the costs of such removal. Accordingly, **IT IS RECOMMENDED** that Defendant's request to charge Plaintiff with the costs of this action be **DENIED**.

## IV.
## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's motion to dismiss, [Doc. 3], be **GRANTED** as to all of Plaintiff's claims and as to Defendant's request to cancel the lis pendens

8

notice on real property located at 215 Lakeview Trail, Covington, Georgia 30016. **IT IS FURTHER RECOMMENDED** that Defendant's request to charge Plaintiff with the costs of this action be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned magistrate judge.

**SO REPORTED AND RECOMMENDED**, this 22nd day of October, 2012.

                                            s/ *E. Clayton Scofield*
                                         E. CLAYTON SCOFIELD III
                                         UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)